**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Bertucci,            ) | No. CV-06-1233-PHX-LOA |
|               Plaintiff,      ) | **ORDER TO SHOW CAUSE** |
| vs.                           ) | |
| GES Exposition Services, an Arizona) corporation; Marriott International, Inc., a) Delaware corporation; J.W. Marriott) Desert Ridge and Spa, an Arizona business) entity, ) | |
|               Defendants.     ) | |

On February 26, 2007, this Court entered an order that Plaintiff shall either consent to magistrate judge jurisdiction in writing or elect to proceed before a district judge by March 9, 2007. (docket # 23)  To date, Plaintiff has not complied with the Court's February 26, 2007 Order.

The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, mandates the early and on-going judicial management of the pretrial process. Under the CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." See, *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D.Del.1992). Additionally, federal judges "are subject to the injunction of Rule 1 [Federal Rules of Civil Procedure] that [they] 'be construed to secure the just, *speedy* and inexpensive

determination of every action.' " *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979) (emphasis added). Plaintiff's failure to timely comply with the Court's prior order is frustrating the speedy and inexpensive resolution of this case.

Absent the express consent of all the parties, a United States magistrate judge does not have the statutory or constitutional authority to rule on a dispositive motion. 28 U.S.C. §636(b)(1)(A). The Magistrates Act permits magistrate judges to conduct all proceedings in civil cases if the parties expressly consent: "Upon consent of the parties, a . . . United States magistrate judge . . . may conduct any or all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." *Hanson v. Mahoney*, 433 F.3d. 1107, 1111 (9th Cir. 2006) (citing 28 U.S.C. § 636(c)(1)); *Gomez v.United States*, 490 U.S. 858, 865-872 (1989) (outlining the evolution of the Act). No precise written form is required to consent to a magistrate judge or elect a district judge. *Kofoed v. IBEW, Local 48*, 237 F.3d 1001, 1004 (9th Cir.2001); Fed. R. Civ. 73(b), advisory committee note.

Any party is free to withhold consent to magistrate judge jurisdiction and elect to proceed before a district judge without adverse consequences. 28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 913-14 (9th Cir.2003) (pointing out that consent is the "touchstone of magistrate [judge] jurisdiction" under 28 U.S.C. § 636(c)).

Pursuant to Rule 41(b), FED.R.CIV.P., and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (trial courts have the inherent power to control their dockets and in the exercise of that power, they may impose or recommend sanctions including, where appropriate, dismissal of a case without prejudice,

**IT IS ORDERED** that Plaintiff show cause in writing on or before **March 30, 2007** why she and/or her counsel should not be sanctioned and/or be held in contempt of court pursuant to Title 18 U.S.C. § 401 and 28 U.S.C. § 636(e) for failing to comply with the Court's prior order. If Plaintiff properly complies with the Court's February 26, 2007 Order **on or before 5:00 p.m. on Friday**, **March 30, 2007** by either consenting to magistrate judge

1  jurisdiction or electing to have the case assigned to a district judge, the undersigned will
2  automatically discharge and vacate this OSC.
3        DATED this 19th day of March, 2007.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge